[Cite as *State v. Protich*, 2016-Ohio-1326.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 15AP-758 |
| v. | : | (C.P.C. No. 14CR-4099) |
| Alexander J. Protich, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 29, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher,* for appellee.

**On brief:** *Brian J. Rigg*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Alexander J. Protich is appealing from his conviction on an assault charge as a felony of the fourth degree. He assigns three assignments for our consideration:

> [I.] THE VERDICT OF GUILTY TO ASSAULT IS AGAINST THE SUFFICIENCY AND MANIFEST WEIGHT OF THE EVIDENCE.
>
> [II.] APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL DURING TRIAL AND TRIAL COUNSEL DID NOT COMPLY WITH RULE 16 OF THE OHIO CRIMINAL RULES OF PROCEDURE.
>
> [III.] THE TRIAL COURT ERRED BY DENYING DEFENDANT'S MOTION TO ENTER EXHIBITS INTO EVIDENCE AT TRIAL.

{¶ 2} Addressing the first assignment of error, assault is defined in R.C. 2903.13(A) as follows: "No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn."

{¶ 3} Sufficiency of the evidence is the legal standard applied to determine whether the case should have gone to the jury. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In other words, sufficiency tests the adequacy of the evidence and asks whether the evidence introduced at trial is legally sufficient as a matter of law to support a verdict. *Id.* "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979). The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact. *Jenks* at 273. If the court determines that the evidence is insufficient as a matter of law, a judgment of acquittal must be entered for the defendant. *See Thompkins* at 387.

{¶ 4} Even though supported by sufficient evidence, a conviction may still be reversed as being against the manifest weight of the evidence. *Thompkins* at 387. In so doing, the court of appeals, sits as a " 'thirteenth juror' " and, after " 'reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983); *see also Columbus v. Henry*, 105 Ohio App.3d 545, 547-48 (10th Dist.1995). Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the most " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins* at 387, quoting *Martin* at 175.

{¶ 5} As this court has previously stated, "[w]hile the jury may take note of the inconsistencies and resolve or discount them accordingly, *see* [*State v.*] *DeHass* [10 Ohio St.2d 230 (1967)], such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Nivens*, 10th Dist. No. 95APA09-1236 (May 28, 1996). It was within the province of the jury to make the credibility

decisions in this case.  *See State v. Lakes,* 120 Ohio App. 213, 217 (4th Dist.1964) ("It is the province of the jury to determine where the truth probably lies from conflicting statements, not only of different witnesses but by the same witness".)

{¶ 6}  *See State v. Harris*, 73 Ohio App.3d 57, 63 (10th Dist.1991) (even though there was reason to doubt the credibility of the prosecution's chief witness, he was not so unbelievable as to render verdict against the manifest weight).

{¶ 7}  Assault on an ordinary citizen is a misdemeanor of the first degree.  If the victim of the assault is a peace officer performing his or her duties, assault becomes a felony of the fourth degree.

{¶ 8}  Assault covers not only situations where the victim suffers actual physical harm, but situations where there is an attempt to cause physical harm.

{¶ 9}  Police testimony at trial indicated that Protich swung at the police officer with an open hand and connected with the officer's face.  Protich denied this and claimed that an officer struck him, but he never struck the officer.  The jury apparently believed police testimony, which was also supported by testimony of the father of one of the officers.

{¶ 10} Past cases from the court have upheld assault conviction where minimal physical harm has occurred.  *See State v. Sorrells-Johnson*, 10th Dist. No. 07AP-1029, 2008-Ohio-3469, and *Columbus v. Lipsey*, 10th Dist. No. 90AP-543 (Mar. 12, 1991).  In the *Lipsey* case, Derrick Lipsey did no more than push a Columbus police officer.

{¶ 11} We cannot know the exact content of the jury's deliberations, but find that by swinging at the police officer, Protich was trying to cause physical harm, even if no actual physical harm resulted.  The testimony from the state's case supports the jury's verdict.  As a result, the verdict is not against the manifest weight of the evidence or supported by insufficient evidence.

{¶ 12} The first assignment of error overruled.

{¶ 13} In the second assignment of error, appellate counsel for Protich argues that trial counsel was ineffective when trial counsel failed to provide certain photographs to the prosecution in discovery, which resulted in the photographs being excluded as evidence.  There is no serious dispute that trial counsel failed to abide by Crim.R. 16.  The

photographs were not provided before trial. In fact, they were not provided until after the state had rested its case.

{¶ 14} The question then becomes whether the failure to put the photographs before the jury deprived Protich of a fair trial. That deprivation of a fair trial is the standard for ineffective assistant of counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* is the leading case from the United States Supreme Court on the issue of ineffective assistance of counsel.

{¶ 15} The photographs in question were mostly photographs of the location where Protich encountered police, and photographs of the injuries Protich received as a result of the encounter. Unfortunately, the photographs are not in the record before us on appeal. As a result, we cannot know what the impact of the photographs on the trier of fact would have been. Ironically, the multiple failures of trial counsel make it hard for us to find that trial counsel rendered ineffective assistance of counsel for purposes of the Sixth Amendment of the U.S. Constitution. Counsel failed to provide the required discovery, failed to argue vigorously for the admission of the photographs at trial, failed to proffer the photographs into evidence at the trial or after the trial, and failed to somehow make them available for an appellate court to review.

{¶ 16} As a result of the above, we have no choice but to overrule the second assignment of error.

{¶ 17} The third assignment of error submits that the trial court should have admitted some or all of the photographs into evidence anyway. Given the state of the record before us, we cannot say that prejudicial error occurred as a result of the exclusion of the photographs. We therefore overrule the third assignment of error.

{¶ 18} All three assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN and HORTON, JJ., concur.

_____